IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| WILLIAM M. WILSON, ) | |
| ) | |
| Plaintiff. ) | |
| ) | |
| v. ) | Case No. 14-00362-CV-W-ODS-SSA |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Commissioner of Social Security ) | |
| ) | |
| Defendant. ) | |

**ORDER AND OPINION REVERSING COMMISSIONER'S FINAL DECISION DENYING BENEFITS AND REMANDING FOR FURTHER PROCEEDINGS**

Pending is Plaintiff's appeal of the Commissioner of Social Security's final decision denying his application for disability benefits and supplemental security income. The Commissioner's decision is reversed, and the case is remanded for further proceedings.

I. Supplemental Hearing

After the hearing, the ALJ obtained a consultative examination from Dr. Dennis Velez. In a June 21, 2013 letter the ALJ proffered Dr. Velez's consultative report to Plaintiff and stated that she would grant a request for a supplemental hearing "unless [she] receive[d] additional records that support a fully favorable decision." R. at 205. On July 8, 2013, Plaintiff responded to the ALJ's letter and stated, "[i]f you are unable to issue a Fully Favorable decision counsel would request a Supplemental Hearing…" R. at 208. The ALJ did not grant Plaintiff a fully favorable decision and did not hold a supplemental hearing, which violated the Commissioner's established procedures. *See Hearings, Appeals, and Litigation Law Manual* (HALLEX) I-2-7-30.

Parties appear to agree that prejudicial violations of HALLEX require remand. ("[T]he ALJ erred by not holding a supplemental hearing…as required by HALLEX policy. The Defendant's mistake was not merely harmless…" Pl's Brief, p. 18; "As Plaintiff was not prejudiced, remand for a supplemental hearing is not required." Def's

Brief, p.13.) The Eighth Circuit has not specifically ruled on whether HALLEX has the force and effect of law, and consequently whether prejudicial violations of HALLEX require reversal. The Fifth Circuit has determined HALLEX does have the force and effect of law. *See Shave v. Apfel*, 238 F.3d 592, 596-97 (5th Cir. 2011). *But see Moore v. Apfel*, 216 F.3d 864, 869 (9th Cir. 2000).

Here, the Court determines Defendant committed a prejudicial violation of HALLEX, and thus reversal is required. In her decision, the ALJ notes Dr. Velez's medical source statement and narrative statement presented conflicting information regarding Plaintiff's functional limitations. The ALJ found Dr. Velez's narrative statement was more consistent with the Record as a whole, and based on these assessments determined Plaintiff could perform light work. Plaintiff argues that had the ALJ resolved this inconsistency differently and relied on other portions of Dr. Velez's report, the ALJ could have determined Plaintiff was disabled. Upon remand, the ALJ will offer Plaintiff an opportunity for a hearing regarding Dr. Velez's report and to further question a vocational expert in light of Dr. Velez's report.

The Court acknowledges Defendant's arguments regarding Dr. Velez's physical consultative examination. Nothing herein should be construed as suggesting how the ALJ should resolve the inconsistencies in Dr. Velez's report or that the ALJ should determine Plaintiff is disabled. These are matters for the ALJ to decide in the first instance. The Commissioner's decision is reversed and remanded so these matters can be considered.

## II. Credibility Assessment

The ALJ must reevaluate Plaintiff's credibility. The ALJ determined Plaintiff lacked credibility for the following reasons: Plaintiff's daily activities were inconsistent with his allegations of functional limitations, he failed to follow recommended treatment or medication, he sought only conservative treatment, Plaintiff's condition improved with medication, Plaintiff's own statements regarding his functional limitations were inconsistent, and the ALJ's personal observations of Plaintiff during the hearing.

The Court is not convinced Plaintiff's daily activities are inconsistent with his allegations of functional limitations. Plaintiff's daily activities include cooking simple

meals for himself, cleaning his room, and shopping approximately every six months. R. at 180-81.  The Court notes Plaintiff's daily activities may be of the type which the Eighth Circuit has "held are not substantial evidence of the ability to do full-time competitive work." *Harris v. Sec'y of Dept. of Health & Human Servs.*, 959 F.2d 723, 726 (8th Cir. 1992); *see also Rainey v. Dept. of Health & Human Servs.*, 48 F.3d 292, 293 (8th Cir. 1995).

Despite Plaintiff's argument to the contrary, the ALJ may rely on his own observations at the hearing in assessing Plaintiff's credibility. *Johnson v. Apfel*, 240 F.3d 1145, 1147-48 (8th Cir. 2001). In her opinion, the ALJ noted the "claimant sat throughout the entire 50-minute hearing."  R. at 19.  However, the Court is not certain that the hearing transcript is entirely clear on this point.  Rather, the hearing transcript indicates Plaintiff asked to stand during the proceeding.  R. at 30-31.

Plaintiff argues his use of Percocet did not improve his mild degenerative arthrosis.  The Court is not persuaded by this argument.  The ALJ does not appear to be asserting that Percocet improved the underlying condition, but rather that the Percocet addressed the pain symptoms associated with this condition.  R. at 19.

Finally, while Plaintiff argues otherwise, the Eighth Circuit has held an ALJ may discount a claimant's credibility due to conservative medical treatment.  *Black v. Apfel*, 143 F.3d 383, 386 (8th Cir. 1998).  Plaintiff also asserts he did not complete physical therapy because he did not receive a referral for the physical therapy.  That may be the case, but the fact remains the ALJ reasonably concluded that if Plaintiff's impairments were as significant as he alleged, Plaintiff would have pursued physical therapy.

Although the other reasons the ALJ cited to discount Plaintiff's credibility still may be proper, it is not for the Court to determine Plaintiff's credibility.  *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001) ("The ALJ is in the best position to determine the credibility of the testimony…")  Accordingly, on remand, the ALJ should reassess Plaintiff's credibility.

IT IS SO ORDERED.

DATE: February 12, 2015

/s/ Ortrie D. Smith
ORTRIE D. SMITH, SENIOR JUDGE
UNITED STATES DISTRICT COURT